IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN A. PERRY,<br><br>            Plaintiff,<br><br>vs.<br><br>CERTIFIED TRANSMISSION REBUILDERS INC.,<br><br>            Defendant. | 8:17CV322<br><br>**MEMORANDUM<br>AND ORDER** |

      Plaintiff filed his Complaint in this matter on September 1, 2017. ([Filing No. 1](#).) Plaintiff has been given leave to proceed in forma pauperis. ([Filing No. 5](#).) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under [28 U.S.C. § 1915(e)(2)](#).

## I.    SUMMARY OF COMPLAINT

      Plaintiff filed his Complaint in this matter against Certified Transmission Rebuilders, Inc. ("Defendant"), where he had been employed from July 4, 2004, to June 8, 2016. ([Filing No. 1 at CM/ECF pp.1](#), [6](#).) Plaintiff alleges that Defendant discriminated against him on the basis of age, in violation of the Age Discrimination in Employment Act ("ADEA"), [29 U.S.C. §§ 621-634](#), and the Nebraska Age Discrimination in Employment Act ("NADEA"), [Neb. Rev. Stat. §§ 48-1001-1010](#); and on the bases of race and color, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), [42 U.S.C. §§ 2000e-2000e-17](#), and the Nebraska Fair Employment Practice Act ("NFEPA"), [Neb. Rev. Stat. §§ 48-1101-1126](#). (*Id.* [at CM/ECF p.6](#).) Plaintiff's filings include the charge of discrimination that he filed with the Nebraska Equal Opportunity Commission ("NEOC") and Equal Employment Opportunity Commission ("EEOC") on July 14, 2016. (*Id.* [at CM/ECF pp.6–7](#).) In assessing Plaintiff's Complaint, the court

will consider the allegations raised in Plaintiff's NEOC charge of discrimination, as well as those raised in the Complaint. *See Coleman v. Correct Care Solutions*, 559 Fed. App'x. 601, 602 (8th Cir. 2014).

Plaintiff is a 60-year-old, black man who worked for Defendant most recently as a janitor/light maintenance worker with driving duties. (Filing No. 1 at CM/ECF p.6) Plaintiff alleges that his job performance was "very good," but due to his age, race, and color, he "was harassed, subjected to different terms and conditions of employment, and [his] employment was terminated." (*Id*. at CM/ECF pp.6–7.)

The substance of Plaintiff's allegations are contained in the charge of discrimination filed with the EEOC/NEOC and attached to the Complaint. (*Id*.) However, Plaintiff does not allege that he received a right-to-sue notice from the EEOC/NEOC.

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff has alleged claims of harassment and discrimination based on age and race under both federal and Nebraska law. The Complaint, however, does not satisfy the general rules of pleading as discussed below.

**A. Demand for Relief**

Complaints filed in federal court must contain "a demand for the relief sought." Fed. R. Civ. P. 8(a)(3). Plaintiff's Complaint does not specify the relief he seeks. (*See generally* Filing No. 1.) Accordingly, this matter may not proceed on Plaintiff's current Complaint. On the court's own motion, the court will provide Plaintiff with the opportunity to amend his Complaint to specify the relief he seeks.

**B. Exhaustion of Administrative Remedies**

Both Title VII and the ADEA require a plaintiff to exhaust his administrative remedies by first seeking relief through the NEOC or the EEOC. 29 U.S.C. § 626(e) (ADEA); 42 U.S.C. § 2000e-5(f)(1) (Title VII). The NEOC/EEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the

NEOC/EEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C.A. § 2000e-5(f)(1); *see also Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570, 573 (8th Cir. 1997). The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge.[1] 29 U.S.C. § 626(e); 42 U.S.C.A. § 2000e-5(f)(1); *see also Littell v. Aid Ass'n for Lutherans*, 62 F.3d 257, 259 (8th Cir. 1995) (failure to file suit within ninety days after the receipt of a notice from the EEOC renders a plaintiff's action untimely). The civil complaint may only encompass issues that are reasonably related to the substance of charges timely brought before the EEOC/NEOC. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).

Here, Plaintiff has not filed a copy of his right-to-sue notice nor has he set forth the date on which he received a right-to-sue notice from the NEOC and/or EEOC with respect to his charge of discrimination. Thus, the court cannot determine whether Plaintiff's claim is timely. On the court's own motion, the court will permit Plaintiff 30 days in which to file a copy of his right-to-sue notice with the court. To the extent Plaintiff did not file suit within 90 days of his receipt of the right-to-sue notice, he must show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days to amend his Complaint to clearly specify the relief he seeks. If Plaintiff fails to file an adequate amended complaint within 30 days, this matter will be dismissed without further notice.

---

[1] The NFEPA similarly provides that "[t]he deadline for filing an action directly in the district court is ninety days after the complainant receives notice of the last action the [NEOC] will take on the complaint or charge." NEB. REV. STAT. § 48-1120.01.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. Plaintiff will have 30 days from the date of this Memorandum and Order to file a copy of the right-to-sue notice received in response to his charge of discrimination dated July 14, 2016. (*See* Filing No. 1 at CM/ECF pp. 6–7.) To the extent Plaintiff did not file suit within 90 days of his receipt of the right-to-sue notice, he must show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

5. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: December 22, 2017: Check for Plaintiff's amended complaint and response.

Dated this 22nd day of November, 2017.

                                           BY THE COURT:

                                           s/ *Richard G. Kopf*
                                           Senior United States District Judge