IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN ARTIS PERRY,<br><br>                Plaintiff,<br><br>   vs.<br><br>CERTIFIED TRANSMISSION<br>REBUILDERS INC.,<br><br>            Defendant. | **8:17CV322**<br><br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff has filed what the court construes as a "motion for reconsideration" (Filing No. 13) of the judgment of dismissal that was entered on February 6, 2018. Because Plaintiff has not indicated which provision of the Federal Rules of Civil Procedure he is relying upon in making the motion, it may be treated either as a Rule 59(e) motion to alter or amend judgment or as a Rule 60(b) motion for relief from judgment.[1] *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir.1988). But whichever rule is applied, the motion fails.

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

---

[1] A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed.R.Civ.P. 59(e). A Rule 60(b) motion "must be made within a reasonable time." Fed.R.Civ.P. 60(c)(1). Plaintiff's motion was filed on February 26, 2018.

       (1) mistake, inadvertence, surprise, or excusable neglect;

       (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

       (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

       (4) the judgment is void;

       (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

       (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

       To prevail on a Rule 59(e) or Rule 60(b)(2) motion on the basis of newly discovered evidence, the movant must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result. *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933.

       Attached to Plaintiff's motion for reconsideration are two documents from the Nebraska Equal Opportunity Commission ("NEOC") explaining the NEOC's "Methods of Alternative Dispute Resolution" and providing notice of the NEOC's process and duties to charging parties. (Filing No. 13 at CM/ECF pp.2–3.) Both documents are signed by Plaintiff and dated July 14, 2016, the same date which appears on Plaintiff's Charge of Discrimination filed with the NEOC and Equal Employment Opportunity Commission ("EEOC"). (*See* Filing No. 1 at CM/ECF pp.6–7.) In his motion, Plaintiff asks if these documents "still apply," as the court understands, to Plaintiff's obligation to provide proof that he timely filed his Complaint within 90 days of receiving a right-to-sue notice from the NEOC and/or

EEOC. Upon review, the documents provided do not apply and do not change the result in this case.

As the court explained in its initial review of Plaintiff's Complaint, Plaintiff was required to file suit within 90 days of receiving notice from the NEOC and/or EEOC that their investigation had concluded and they had made a determination of no reasonable cause. (*See* Filing No. 6 at CM/ECF pp.3–4); *see also Littell v. Aid Ass'n for Lutherans*, 62 F.3d 257, 259 (8th Cir. 1995) (failure to file suit within ninety days after the receipt of a notice from the EEOC renders a plaintiff's action untimely). Plaintiff has not filed a copy of any right-to-sue notice nor has he ever alleged that he filed this action within 90 days of receiving a right-to-sue notice from the NEOC and/or EEOC with respect to his charge of discrimination. The documents attached to Plaintiff's current motion are merely copies of notices provided to Plaintiff when he filed his charge of discrimination. They do not indicate when the NEOC and/or EEOC completed its investigation and gave Plaintiff notice of his right to pursue his discrimination claims by filing suit. Thus, these documents do not provide the information necessary to determine whether Plaintiff's action was timely.

The court required Plaintiff to provide proof that he had filed suit within 90 days of receiving a right-to-sue notice or to at least allege the reasons why he did not file within the 90-day period in order to determine whether Plaintiff's action was timely. Though Plaintiff asserts he is "not a lawyer" and "expected to be told what was [sic] the different steps" (Filing No. 13), the court's direction was clear and he is presumed to know the law. *See Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003). Plaintiff failed to provide the necessary information, and the court dismissed the Complaint as a result. Plaintiff has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the court's judgment of dismissal. He has not shown that the dismissal was the result of manifest error of law or fact, nor has he produced any newly discovered evidence that might lead to a different result. No "extraordinary circumstances" are

presented. Thus, Plaintiff has failed to establish sufficient grounds for setting aside the court's judgment under Rule 59(e) or Rule 60(b).

IT IS THEREFORE ORDERED that Plaintiff's motion for reconsideration (Filing No. 13) is denied.

Dated this 16th day of March, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge